1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA GAMIZ,<br><br>           Plaintiff,<br><br>    v.<br><br>R & B CORPORATION OF VIRGINIA dba CREDIT CONTROL CORPORATION,<br><br>        Defendant. | Case No. 5:21-cv-00480<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2.  FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.**<br><br>**3.  VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiff, MARLA GAMIZ ("Plaintiff"), by and through her

attorneys, complaining as to the conduct of R & B CORPORATION OF VIRGINIA

dba CREDIT CONTROL CORPORATION ("Defendant") as follows:

### NATURE OF THE ACTION

1

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*., the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in San Bernardino County, California, which falls within the Central District of California.

5. Defendant has "over 60 years of experience" in collection services, "specializing in healthcare, utility, and commercial collections."[1]  Defendant is a third-party debt collector organized under the laws of the State of Virginia, with its principal place of business located at 11821 Rock Landing Drive, Newport News, Virginia 23606.  Defendant regularly uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of California. Furthermore, Defendant is a furnisher of credit information to the major credit reporting agencies ("CRAs"), including Experian Information Solutions, Inc. ("Experian").

## FACTS SUPPORTING CAUSE OF ACTION

6. In or around February 2017, Plaintiff signed up with *Frontier Communications Corporation* ("Frontier") to obtain cable and telephone services.

7. Per the terms of her agreement with Frontier, Plaintiff was to pay $125.00/month, including taxes and fees.[2]

8. Yet, Plaintiff began receiving monthly statements from Frontier reflecting balances of over $200.00.

9. Plaintiff was confused by Frontier's conduct, as the terms of her underlying agreement with Frontier explicitly set forth a monthly payment of $125.00.

---

[1] https://creditcontrol.net/about-us/
[2] While Frontier had initially informed Plaintiff that a one-time charge of $80.00 would apply, a Frontier representative named "Gaby" subsequently waived that fee.

10. Accordingly, Plaintiff contacted Frontier numerous times and explained the discrepancy, but in spite of Plaintiff's efforts, Frontier continued to bill her for an unauthorized amount, causing Plaintiff to incur debt ("subject debt").

11. Upon information and belief, after Plaintiff's purported default with Frontier, the subject debt was subsequently assigned to Defendant for collection purposes.

12. Plaintiff initially contacted Defendant and informed it that the subject debt was inaccurate, as she never agreed to the amount that was charged by Frontier.

13. Rather than resolve the discrepancy, Defendant continued to report the subject debt on Plaintiff's credit report as a delinquent account in an active collection status.

14. Accordingly, in January 2021, Plaintiff initiated an online credit dispute with Experian, and requested that the subject debt be removed as Frontier erroneously billed her at an amount greater than what was agreed upon by the parties.

15. Upon information and belief, Defendant received notice of Plaintiff's online dispute within five days of Plaintiff initiating the dispute with Experian. See 15 U.S. Code §1681i(a)(2).

16. In February 2021, Experian responded to Plaintiff's dispute by stating that the subject debt disputed by Plaintiff "remained unchanged," as seen below:

## Reinvestigation Information

This item remained unchanged from our processing of your dispute in Feb 2021.

10

17. Despite having actual knowledge that the subject debt was not valid, Defendant continued to falsely reflect that account on Plaintiff's credit report.

18. Defendant's reporting of the subject debt is patently inaccurate and materially misleading given the fact that Plaintiff was billed for an amount that was not agreed upon between the parties.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

19. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding telecommunications debt, and is thus a high-risk consumer.

20. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

21. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the loss of credit opportunity, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

22. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in her credit file.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1973.[3]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA § 1692e**

---

[3] https://www.acainternational.org/search#memberdirectory

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §1692e, e(8), and e(10) when it failed to accurately communicate to Experian that Plaintiff was not responsible for the subject debt, as Plaintiff was clearly billed for an amount that was never agreed upon. In addition, Defendant knowingly engaged in this behavior in an attempt to collect upon the subject debt, as despite her notices, Defendant has continued to willfully communicate false credit information to the CRAs.

### b. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated 15 U.S.C. §1692f when it unfairly attempted to collect upon the subject debt. Specifically, it was unfair for Defendant to harm Plaintiff by communicating false information regarding the subject debt, despite the fact that

Defendant knew of the terms of Plaintiff's agreement with Frontier, as well as of Frontier's erroneous billing.

WHEREFORE, Plaintiff, MARLA GAMIZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining AWA from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

35. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

36. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

37. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

38. Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

39. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

40. Had Defendant reviewed the information provided by Experian and Plaintiff, it would have corrected the inaccurate designation of the subject debt, and transmitted the correct information to the CRAs. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation, despite being put on notice that the subject debt was invalid.

41. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with Experian.

42. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

43. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian credit file.

44. Defendant failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian credit file within 30 days of receiving notice of the disputes under 15 U.S.C. §1681i(a)(1).

45. Despite the blatantly obvious errors in Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or trade line to report accurately. Instead, Defendant wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

46. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, as the information Defendant has from Frontier clearly shows that the subject debt was invalid.  Yet, the inaccurate information remained in Plaintiff's credit files.

47. Had Defendant taken steps to investigate Plaintiff's valid disputes or Experian's requests for investigation, it would have permanently deleted the erroneous and misleading credit reporting.

48. By deviating from the standards established by the debt collection industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

WHEREFORE, Plaintiff, MARLA GAMIZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Allied to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

51. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

52. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 -1788.17

53. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or

10

attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

54. As outlined above, through its continuous attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff through its false and negative reporting of the subject debt.  Plaintiff informed Defendant of its erroneous reporting, and even disputed the subject debt with Experian, but in spite of Plaintiff's multiple efforts, Defendant intentionally misrepresented the subject debt in an effort to harass Plaintiff into submission.

55. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, MARLA GAMIZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

g. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

h. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

i. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

j.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

k.  Enjoining Defendant from further contacting Plaintiff; and

l.  Award any other relief as the Honorable Court deems just and proper.

Dated: March 18, 2021                    Respectfully submitted,

                                         By: /s/ Neda Farah
                                         Neda Farah, Esq.
                                         **FARAH LAW, P.C.**
                                         265 S. Doheny Drive
                                         Suite 102
                                         Beverly Hills, California 90211
                                         Telephone: 310-666-3786
                                         Facsimile: 775-261-1726
                                         E-Mail: neda@nedafarahlaw.com